UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Lee Bowersock,                                  Case No. 3:17-cv-2029

        Plaintiff

   v.                                                      MEMORANDUM OPINION

City of Lima, Ohio,

        Defendant

*Pro se* Plaintiff, William Lee Bowersock, initiated this litigation against the City of Lima, Ohio, alleging his right to secede from the Defendant. (Doc. No. 1). The Plaintiff further alleges the Defendant's refusal to recognize his secession and the Defendant's continued trespass onto his property violates his rights under the United States Constitution. (*Id.*)

Pending before me are Plaintiff's motion for a temporary restraining order (Doc. No. 2), Defendant's motion to dismiss (Doc. No. 4) and Plaintiff's motion for injunctive relief (Doc. No. 6).

### I. DEFENDANT'S MOTION TO DISMISS

  A. Applicable Legal Standard

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

B.  Discussion

It is axiomatic that "[p]rinciples requiring generous construction of *pro se* pleadings are not without limits." *Bradley v. Mason*, 833 F.Supp.2d 763, 769 (N.D. Ohio 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). To the extent a plaintiff seeks to invoke constitutional violations, they are still required to state a viable legal theory to meet federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Plaintiff fails to state a cause of action under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). He contends he has a constitutional right to secede from the City of Lima, but the City is not recognizing it. To the contrary, there is no constitutional right to secede from the Union of the United States, the State of Ohio, or the City of Lima. *See White v. Cannon,* 73 U.S. (6 Wall.) 443, 450, 18 L.Ed. 923 (1867) (holding that the Louisiana ordinance of secession "was an absolute nullity"); *White v. Hart,* 80 U.S. (13 Wall.) 646, 651, 20 L.Ed. 685 (1871) (ruling that "[a]t no time were the rebellious States," including Georgia, "out of the pale of the Union"); *Taylor v. Thomas,* 89 U.S. (22 Wall.) 479, 491, 22 L.Ed. 789 (1874) (invalidating the issuance

2

of treasury notes following Mississippi's ordinance of secession); and *Daniels v. Tearney,* 102 U.S. 415, 418, 26 L.Ed. 187 (1880) (declining to discuss the invalidity of a secession ordinance because the issue "has been settled by the arbitrament of arms and the repeated adjudications of this court"). Because Plaintiff has not identified a constitutional right that the City violated, he fails to state a claim upon which relief may be granted under § 1983. In the absence of a viable legal claim, Plaintiff's case must be dismissed.

## II. Conclusion

Accordingly, the Defendant's motion to dismiss (Doc. No. 4) is granted. The complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Finally, Plaintiff's motions for a temporary restraining order (Doc. No. 2) and for injunctive relief (Doc. No. 6) are denied as moot. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge